**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RODNEY OTHEL MCINTOSH,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:18-cv-00903** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Rodney Othel McIntosh ("Plaintiff"), an individual presently confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this combined Bivens / Federal Tort Claims Act[1] ("FTCA") action on April 27, 2018 against the United States of American. (Doc. No. 1.) Since the filing of his complaint, Plaintiff has also filed three addenda to his complaint. (Doc. Nos. 5, 10, 11.) Further, Plaintiff has filed a motion for leave to proceed in forma pauperis. (Doc. No. 7.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[2] the Court will perform its mandatory screening of the complaint prior to service.

## I.     BACKGROUND

Plaintiff alleges that he has been misclassified as a sex offender on an internal Federal Bureau of Prisons ("BOP") classification form. (Doc. No. 1 at 1.) As a result of this alleged misclassification, Plaintiff argues that his life and liberty have been placed in danger because he is now being targeted by other prisoners. (Id. at 1, 2.) For instance, Plaintiff alleges that other inmates verbally harass him and have both assaulted him and attempted to assault him because of

---

[1] See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

their belief that he is a sex offender. (Id. at 2.) Plaintiff maintains that he constantly worries about his misclassification as a sex offender and future threats from other prisoners. (Id. at 2, 3.)

On September 1, 2017, Plaintiff filed an informal resolution to rectify the misclassification. (Id. at 2.) On September 5, 2017, Plaintiff received a response stating that he does not have a "sex offender public safety factor, nor [is he] classified as a sex offender [and that if] it was ever placed on [Plaintiff], it was in error." (Doc. No. 1-1 at 1.) Attached to Plaintiff's complaint are two "Male Custody Classification Forms," one dated October 30, 2014 with a classification of "Sex Offn," and a more recent form dated May 19, 2017 that does not include any such sex offender classification. (Id. at 2, 3.) Plaintiff claims that the United States has defamed him and was negligent in misclassifying him as a sex offender. (Id. at 3.) Accordingly, he requests one million dollars in compensatory relief. (Id.)

On May 4, 2018, Plaintiff filed an addendum to his complaint, acknowledging that around November 13, 2016, his case manager removed the sex offender classification from his custody classification form. (Doc. No. 5 at 3.) Plaintiff alleges that inmate and staff members continue to refer to him as a sex offender and verbally abuse him. (Id.) However, it appears that Plaintiff seeks an increase of damages from one to three million dollars. (Id. at 5.) Subsequently, on May 9, 2018, Plaintiff filed another addendum to his complaint. (Doc. No. 10.) Plaintiff provides that because he was misclassified as a sex offender, he fears that his life is in danger from other inmates and again requests three million dollars. (Id. at 2.)

## II. LEGAL STANDARD

### A. PLRA

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic

Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Under

Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of

pleading."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  To prevent

dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is

facially plausible.  Id.  The plausibility standard requires more than a mere possibility that the

defendant is liable for the alleged misconduct.  As the Supreme Court instructed in Iqbal, "where

the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to

relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

    Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the

United States Court of Appeals for the Third Circuit has identified the following steps a district

court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1)

identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory

allegations contained in the complaint "not entitled" to the assumption of truth; and (3)

determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly

give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d

Cir. 2010) (citation and quotation marks omitted).

    In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must

consider only the complaint, exhibits attached to the complaint, matters of public record, as well

as undisputedly authentic documents if the complainant's claims are based upon these

documents."  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar.

Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  A court may also

consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial

notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck
v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright &
Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a
document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976).
A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than
formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it
appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that
would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**B.    Bivens**

A Bivens civil rights action under § 1331 is evaluated under the same standards
applicable to a § 1983 civil rights action. See Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir.
1975); Veteto v. Miller, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under
Bivens, a plaintiff must allege that he was deprived of a federal right by a person acting under
color of federal law. See Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

**C.    FTCA**

The FTCA provides a remedy in damages for the simple negligence of employees of the
United States. See United States v. Muniz, 374 U.S. 150, 150 (1963). Under the FTCA,
sovereign immunity is waived against persons suing the federal government for the commission
of various torts. See Simon v. United States, 341 F.3d 193, 200 (3d Cir. 2003). The United
States is liable under the FTCA only for conduct by government employees that occurred while
they were acting within their scope of employment. See Matsko v. United States, 372 F.3d 556,
559 (3d Cir. 2004). When determining if a defendant acted within the scope of his employment

at the time of the underlying incident, courts must look to the law of the state where the incident occurred. See 28 U.S.C. § 1346(b); see also Doughty v. U.S. Postal Serv., 359 F. Supp. 2d 361, 365 (D.N.J. 2005).

Under Pennsylvania law, in order to "establish a cause of action for negligence, the plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." Northwest Mutual Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005) (citing Pittsburgh Nat'l Bank v. Perr, 637 A.2d 334, 336 (Pa. Super. Ct. 1994)). In accordance with this standard, a plaintiff bears the burden of proving by a preponderance of the evidence that the defendant's negligence was the proximate cause of his injury, Skipworth v. Lead Industry Association, 690 A.2d 169, 172 (Pa. 1997), which is defined as causation that was a substantial factor in bringing about the injury alleged, Hamil v. Bashline, 392 A.2d 1280, 1284 (Pa. 1978).

III.    DISCUSSION

Upon screening Plaintiff's complaint, it appears that Plaintiff alleges Bivens claims along with defamation and negligence claims under the FTCA. (Doc. Nos. 1, 5, 10.) The Court addresses the claims in turn.

A.      **Bivens Claims**

i.      **Due Process Violation**

Liberally construing Plaintiff's complaint, Plaintiff alleges that his due process rights were violated when he was temporarily misclassified as a sex offender. (Doc. No. 1.) While the Court notes the "stigmatizing effects of being labeled as a sex offender," this designation alone is insufficient to implicate a liberty interest. See Renchenski v. Williams, 622 F.3d 315, 328 (3d.

Cir. 2010); see also Waldman v. Thomas, No. 5:13-cv-2322, 2015 WL 7755415, at *9 (N.D. Al. Dec. 2, 2015) (holding that the internal classification of inmate as a sex offender alone does not violate substantive due process); Hernandez v. Washington, No. 2:16-cv-10854, 2017 WL 1214436, at *7 (E.D. Mi. Jan. 20, 2017) (concluding same).  Rather, the "stigmatizing effects of being labeled a sex offender, when coupled with mandatory behavioral modification therapy, triggers an independent liberty interest emanating from the Due Process Clause."  Renchenski, 622 F.3d at 328; see also Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections.").

Here, Plaintiff does not allege that he was required to enroll in any mandatory program or other involuntary treatment attendant to the alleged temporary misclassification as a sex offender.  Consequently, Plaintiff's due process claim fails to state a claim upon which relief may be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### ii.      Verbal Abuse

To the extent that Plaintiff alleges that prison staff verbally abused or harassed him, Plaintiff's complaint fails to set forth a viable claim.  See Smith v. United States, No. 4:cv-07-1079, 2007 WL 4270602, at *16 (M.D. Pa. Aug. 3, 2007) (holding that verbal harassment without physical contact does not state an Eighth Amendment claim); see also Wright v. O'Hara, Civ. No. 00-1557, 2004 WL 1793018 (E.D. Pa. Aug. 11, 2004) (stating that "[m]ean harassment . . . is insufficient to state a constitutional deprivation"); Maclean v. Secor, 876 F. Supp. 695, 698 (E.D. Pa. 1995) (providing that verbal abuse or threats alone do not state a constitutional claim).

Accordingly, this claim will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## B. FTCA Claims

The Court also construes Plaintiff's complaint as setting forth two tort claims against the United States – one for defamation and one for negligence. (Doc. Nos. 1, 5, 10, 11.)

### i. Defamation

The United States has sovereign immunity from suit, except to the extent that it consents to being sued. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA provides a limited waiver of the United States' immunity from tort claims. See United States v. S.A. Empresa de Viacao Aerea Rio Grandense, 467 U.S. 797, 808 (1984); see also 28 U.S.C. §§ 1346(b)(1), 2674. However, if the United States has not waived sovereign immunity as to a certain claim under the FTCA, the claim must be dismissed for lack of subject matter jurisdiction. See Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).

The FTCA does not waive sovereign immunity with respect to claims arising out of libel, slander, or defamation. See 28 U.S.C. § 2680(h); Brumfield v. Sanders, 232 F.3d 376, 382 (3d Cir. 2000) (citing 28 U.S.C. § 2680(h)). Accordingly, because the FTCA does not waive sovereign immunity with respect to Plaintiff's defamation claim, and "[s]overeign immunity . . . deprives a court of subject matter jurisdiction over a claim against the United States," the Court lacks subject matter jurisdiction over this claim. See Kielty v. Ali, Civ. No. 07-5719, 2008 U.S. Dist. LEXIS 54052, at *10 (D. N.J. July 16, 2008). Consequently, this claim will be dismissed.

### ii. Negligence

Plaintiff's remaining claim is that the United States was negligent for misclassifying him as a sex offender on his Male Custody Classification Form. (Doc. Nos. 1, 5, 10, 11.) Plaintiff

asserts that this error caused him and continues to cause him significant harm in the form of threats from other inmates. (Id.) For instance, Plaintiff alleges that because of this error, he has been in several physical altercations in which he has been physically injured. (Doc. No. 1 at 3.)

In reviewing this claim, the Court concludes that it survives screening and, therefore, may proceed. See Sash v. United States, No. 09-2074, 2010 WL 1529825, at *7-10 (D. N.J. Apr. 14, 2010) (denying Defendant's motion to dismiss plaintiff's FTCA claim for negligence where plaintiff alleged that the United States was negligent for failing to properly maintain records pertaining to plaintiff and allowing an "erroneous sex offender" factor to remain on his BOP record); Watson v. United States, No. 3-05-0914, 2005 U.S. Dist. LEXIS 17394, at *2-3 (N.D. Tex. Aug. 17, 2005) (recognizing a cognizable tort claim pursuant to the FTCA based upon assertions that prison officials were negligent in their classification of inmates).

**C.      Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). The court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id. The court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion

to dismiss for failure to state a claim.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing analysis, Plaintiff will not be permitted leave to amend his due process claim, verbal abuse claim, or defamation claim, as the Court concludes that any amendment to these claims would be futile.  See Foman, 371 U.S. at 182; Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (providing that the futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted).

**IV.     CONCLUSION**

Based on the foregoing, Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 7), will be granted.  Plaintiff's complaint (Doc. No. 1), and addenda (Doc. Nos. 5, 10, 11), will be dismissed in part for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction.  Accordingly, the only surviving claim is Plaintiff's FTCA negligence claim against the United States.  The Court will direct service of the complaint on the United States.  An appropriate Order follows.